Robinson v. State.

---

## ROBINSON v. STATE.

1. JUDICIAL NOTICE: *Of a day of the week or month.*

   The courts take judicial notice of the day of the week a certain day of the month came on.

2. SABBATH BREAKING: *Indictment for.*

   The charging part of an indictment for Sabbath breaking must show that the offense was committed on some Sunday, though the particular Sunday is not important.

ERROR to *Pope* Circuit Court.

HON. W. D. JACOWAY, Circuit Judge.

### STATEMENT.

Indictment in the Pope Circuit Court, against Henry Robinson, for Sabbath breaking ; charging that "the said Henry Robinson, on the twelfth day of November, 1880, in

the county and State aforesaid, unlawfully did sell one pint of ardent liquor against the peace," etc.

A demurrer to the indictment was overruled, and after trial and conviction, the defendant brought the case to this court by appeal.

*C. B. Moore*, Attorney General, appellant.

It is sufficient that the indictment charge the offense as having been committed at a date previous to the finding of the indictment. *Gantt's Dig.*, secs. 1618, 1781; *Bridges* v. *State*, 37 *Ark.*, 224. It does not specifically charge that "the twelfth day of November, 1880," was the "Sabbath day," but it *does* charge defendant with "*Sabbath* breaking," by sale of "one pint of liquor," etc.

EAKIN, J. The indictment in this case was not good, and the demurrer should have been sustained. The courts, judicially know, that the twelfth day of November, 1880, was a Friday.

It was not a misdemeanor for a licensed vendor to sell whisky on that day. The charging part of the indictment should have shown that on some Sunday, he did the act constituting the offense, although the particular Sunday was not important. The designation of the crime in the commencement, is merely prefatory, and to be valid, must be supported by the charging portion. It is not charged that defendant sold liquor on any Sunday at all.

Reverse and hold for naught.